JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

**Filed On
12/29/11**

In re

BRAYTON INVESTMENT, LLC,

  Debtor(s)

Case No. A10-00515-HAR
In Chapter 7

AMENDED MEMORANDUM RE DENIAL
OF McCREADY MOTION FOR
RECONSIDERATION

Suzan presents two arguments as to why a breach of the option agreement should give rise to damages:

(1)  she was deprived of the inherent profit in finishing the duplex herself; and,

(2)  had the option been exercised to purchase Unit 3B and the duplex rights, the Wikas foreclosure would never have happened and the bankruptcy would have been unnecessary.

I addressed the first argument in my tentative ruling.  Simply put, assuming the Wikas did breach the option agreement, there were no damages premised on Suzan's being able to turn Unit 3B and the duplex rights into a cash cow.[1]  Suzan's claim that there was $211,000 profit[2] in the completion of the duplex was not credible since she did not include many of the normal transaction costs which should have been deducted from this "gross profit."

---

[1] *See*, *Memorandum of Tentative Rulings on the Wika and McCready Motions for Reconsideration*, Docket No. 230, at pages 4-6.

[2] Suzan's *Motion for Reconsideration*, Docket No. 228, Exhibit 2, page 2 of 5.

The second argument is also fallacious in my opinion. At the hearing on December 28, 2011, Suzan asked the court to reexamine her argument that had the Wikas accepted Suzan's last offer, on September 2, 2009, the chapter 7 and heavy transaction costs would have been avoided. She posits the following scenario had the option been exercised for something like $1,150,000: [3]

| | |
|---|---|
| Remaining Balance Due as calculated | $186,394 |
| Plus duplex sale price net proceeds | $398,239 |
| Plus 3B sale price net proceeds | $596,693 |
| Less 3B commission | ($36,000) |
| Total | $1,145,326 |

For one thing, the total of the Remaining Balance Due has been increased, however, by $18,215.65 by granting the Wikas' motion for reconsideration,[4] so the $186,394.65 figure is now **$204,610.32**. And, it may increase further if attorney fees are granted to the Wikas in an upcoming hearing.

Suzan's last offer was only $1.1 million and would have required the Wikas to release the Brayton deed of trust[5] (and assume the obligation for any other bills for completing the Arlberg Building); close, perhaps, but significantly less than the amount needed to exercise the option, even as Suzan interprets it.

Suzan's calculations have no detail about where she derives the figures for the net proceeds from the sale of Unit 3B (**$596,693**) and the duplex (**$398,239**). The actual proceeds from closing a $600,000 sale of Unit 3B, a sale to the Clingenpeels on October 30, 2009, shows **$598,631.32** was

---

[3] See, *Motion for Reconsideration*, Docket No. 228, at page 4.

[4] Docket No. 226 (denominated a motion to supplement the record).

[5] Trial Exhibit T, a September 2, 2009, letter from Michael Brain to William Artus.

AMENDED MEMORANDUM RE DENIAL OF
McCREADY MOTION FOR RECONSIDERATION                                                                   Page 2 of 4

used to obtain a release for the FNBA deed of trust.[6]  The net proceeds to the Wikas was apparently $0.  The sale of the duplex rights to Spinell Homes for $400,000 on December 31, 2009, shows a payment to FNBA of **$38,839.86** and net proceeds to the Wikas of **$359,258.50**, not $398,239.

I realize that some of these numbers might net out even if not put in precisely the correct column in the calculation.  My point, however, is that there is insufficient detail and analysis to know if Suzan's numbers are the right ones and whether they accurately portray the problem.  My perception is that she is so focused on proving the Wikas wrong, that she blinds herself to facts that favor the Wikas.

Most importantly, the table presented by Suzan does not establish that the Wikas would have been made whole had they only allowed the option to be exercised for about $1,150,000, an offer that was never actually made by Suzan.  The broad concept of the Settlement Agreement was that:

- the Wikas would take over the construction of the three unfinished units;
- they would try to take advantage of the FNBA construction funds by renewing or rewriting Suzan's loan; and,
- the Wikas would recover the costs of finishing Units 3A, 3B and their own Unit 3C, by the sale of Units 3A and 3B, the sale of the duplex rights, if necessary, and then be paid any remaining unpaid balance by Suzan or they would nonjudicially foreclose on the Brayton Investment property.

Given these goals, and the fact that the last offer was short of making the Wikas whole – maybe $50,000 to $100,000 short – they were not required to accept the $1.1 million offer, and in the same breath give up the protection of the Brayton deed of trust.  While the Wikas were not cooperative, they were not compelled to make a counter-offer.  The bottom line is that a tender of

---

[6] Trial Exhibit L, containing the closing statements for the sale of Unit 3A to the Halls, Unit 3B to the Clingenpeels, and the duplex to Spinell Homes, Inc.

the necessary amount to make the Wikas whole (admittedly, a difficult number to arrive at), without the requirement of immediately giving up the Brayton safety net before they knew that they had actually been made whole, was never made to them. They were not bound to accept the last offer that was made, so did not breach the option.[7]

DATED: December 29, 2011

/s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

Serve:
David Bundy, Esq., for Suzan McCready
William Artus, Esq., for Gregory and Cheryl-Ann Wika
Gary Spraker, Esq., for the trustee
Robert Hume, Esq., for Jean Hebert
Kenneth Battley, Trustee
United States Trustee- Anchorage                                    D7533
QC

12/29/11

---

[7] Jarvis v. Ensminger, 134 P.3d 353, 358-59 (Alaska 2006); Harris v. Ahtna, Inc., 107 P.3d 271, 277-78 (Alaska 2005).

AMENDED MEMORANDUM RE DENIAL OF
McCREADY MOTION FOR RECONSIDERATION                                Page 4 of 4